**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4461-16T1

J.L.S.,[1]

    Plaintiff-Respondent,

v.

P.W.S.,

    Defendant-Appellant.

_____

        Submitted September 18, 2018 – Decided  October 30, 2018

        Before Judges Yannotti, Rothstadt, and Gilson.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0310-03.

        Ulrichsen Rosen & Freed, LLC, attorneys for appellant (Derek M. Freed, of counsel and on the brief; Michael A. Conte, on the brief).

        Florio, Perrucci, Steinhardt & Cappelli, LLC, attorneys for respondent (Jennifer Ann Vorhies, of counsel and on the brief; Nishali Amin Rose, on the brief).

---

[1]  We use initials to protect the privacy of the parties pursuant to Rule 1:38-3(d)(1).

PER CURIAM

Defendant P.W.S. appeals from three post-divorce judgment orders concerning his application to reduce his alimony and child support obligations. Specifically, he appeals from (1) a May 4, 2017 order that directed him to advance counsel fees and the retainer fee for a forensic accountant to evaluate whether his income had changed; and awarded plaintiff $1000 in attorney's fees; (2) a May 24, 2017 order directing him to comply with the first order or have his motion dismissed; and (3) a June 2, 2017 order dismissing, without prejudice, his motion to reduce his support obligations for failure to comply with the May 4, 2017 order. Having reviewed the contentions of the parties, the record, and the law, we affirm.

I.

The parties were married in 1989, have four children, and divorced in 2004. Prior to their divorce, the parties negotiated a settlement agreement that was incorporated into their final judgment of divorce. Under the settlement agreement, defendant was obligated to pay plaintiff $529 per week in alimony and $433 per week in child support.

A-4461-16T1

Defendant owns his own landscaping design and construction business. At the time of their divorce, the parties agreed to impute to defendant an annual income of $107,375 and to impute to plaintiff an annual income of $25,000.

Following their divorce, defendant filed a series of motions to reduce his support obligations. In 2010, defendant's alimony obligation was reduced to $450 per week. That reduction was based on a determination that defendant's annual income at that time was just over $78,400. In 2015, the parties' third child was emancipated and defendant's child support obligation was reduced to $152 per week. His child support obligations were further reduced in 2016 to $146 per week, based on the number of nights the child was spending with defendant.

This appeal arises out of a motion defendant filed in March 2017 to further reduce his alimony and child support obligations. Defendant contended that his average annual income derived from his business in 2015 and 2016 was just over $40,000. Accordingly, he sought to reduce his alimony obligation to approximately $100 per week and his child support obligation to $117 per week. Plaintiff opposed that motion and cross-moved to compel defendant to comply with certain earlier orders, including orders awarding her $1800 in counsel fees and $100 in filing fees.

A-4461-16T1

In support of his motion, defendant submitted his 2016 tax returns and an updated case information statement. Plaintiff contended that defendant's income was substantially higher than reflected on his tax returns because he received cash payments and he had the ability to pay personal expenses through his business. In her papers, plaintiff submitted copies of defendant's credit card statements showing that he paid for $22,000 in personal expenses using a business credit card. Plaintiff also pointed out that defendant had substantial assets. Thus, plaintiff argued that defendant had not shown a change of circumstances warranting the reduction in his support obligations. In the alternative, plaintiff requested the court to allow discovery, schedule a plenary hearing, and appoint a forensic accountant, at defendant's expense, to determine his personal and business income. She also requested counsel fees relating to her cross-motion to enforce the fees awarded under previous court orders.

The court heard oral argument on the motion and cross-motion on April 7, 2017. At argument, plaintiff contended that if the court ordered a plenary hearing, it should also order defendant to advance her counsel fees in connection with that hearing. The court granted the parties time to brief whether an advance of counsel fees and expert fees was appropriate.

A-4461-16T1

On May 4, 2017, the court entered an order granting in part and denying in part defendant's motion and plaintiff's cross-motion. Relevant to this appeal, the court (1) granted a plenary hearing related to the support modifications; (2) ordered defendant to advance $10,000 to plaintiff's counsel, subject to reallocation following the plenary hearing; (3) appointed a forensic accountant at defendant's expense, again without prejudice to reallocation at the plenary hearing; and (4) granted, in part, plaintiff's request for counsel fees and directed defendant to pay $1000 to plaintiff's counsel. The court also made a number of other rulings, which the parties do not challenge on this appeal.

In support of the May 4, 2017 order, the court issued a twenty-one-page written opinion. The court found that the parties' competing certifications raised material fact disputes concerning defendant's income and, in particular, his business income. Accordingly, the court appointed a forensic accountant to ascertain defendant's true income and to determine whether defendant has experienced a substantial change in circumstances warranting a reduction in his support obligations. In ordering defendant to pay the forensic accountant and $10,000 to plaintiff's counsel in advance of the hearing, the court relied on the disparity in the parties' net worth, noting that defendant had a net worth of over $373,000, compared to plaintiff's net worth of just over $12,000.

A-4461-16T1

In awarding plaintiff $1000 in counsel fees, the court found that plaintiff had been required to file her cross-motion to compel defendant to comply with prior orders directing him to pay her $1900 in counsel and filing fees. Although defendant eventually paid the $1900, the court noted he did so only in response to plaintiff's cross-motion.

On May 24, 2017, the court entered an order directing that defendant had until June 1, 2017, to pay the retainer for the forensic accountant and to advance $10,000 for plaintiff's counsel fees or his motion to reduce his support obligations would be dismissed without prejudice. Defendant failed to make those payments. Accordingly, on June 2, 2017, the court dismissed without prejudice defendant's motion to reduce his support obligations.

## II.

Defendant appeals and makes seven arguments. He contends that the Family Part erred in (1) failing to recognize his prima facie showing of a change of financial circumstances; (2) drawing conclusions from unsupported statements submitted by plaintiff; (3) not finding that the facts in this case were distinguishable from the facts in Donnelly v. Donnelly, 405 N.J. Super. 117 (App. Div. 2009); (4) appointing a forensic accountant at his expense; (5) allowing plaintiff to amend her cross-motion at oral argument to include a

A-4461-16T1

request for an advance of counsel fees; (6) requiring him to advance counsel fees and expert fees on a post-judgment motion; and (7) granting $1000 in counsel fees to plaintiff.

"[W]e accord great deference to discretionary decisions of Family Part judges." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012). We generally defer to factual findings made by a trial court when such findings are supported by adequate, substantial, and credible evidence. Gnall v. Gnall, 222 N.J. 414, 428 (2015) (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). Accordingly, we will only reverse a trial court's factual findings when they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). In contrast, "trial judge[s'] legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013).

While defendant makes a number of arguments, all of those arguments are dependent on the question of whether the Family Part had the authority to direct defendant to make an advance of attorney's fees and expert fees as a condition

7

for holding a plenary hearing on his request to reduce his support obligations. The governing statute and rules give the Family Part such authority.

The authority to modify alimony and support orders is found in N.J.S.A. 2A:34-23. That statute expressly applies to pretrial (pendente lite) orders and orders filed "after judgment of divorce[.]" Ibid. The statute also expressly provides that the court may order one party to advance legal fees and expert fees when the respective financial circumstances of the parties make the award reasonable and just. In that regard, the alimony statute provides, in relevant part:

> Pending any matrimonial action . . . or after judgment of divorce . . . the court may make such order as to the alimony or maintenance of the parties . . . as the circumstances of the parties and the nature of the case shall render fit, reasonable, and just, and require reasonable security for the due observation of such orders . . . .
>
> The court may order one party to pay a retainer on behalf of the other for expert and legal services when the respective financial circumstances of the parties make the award reasonable and just. In considering an application, the court shall review the financial capacity of each party to conduct the litigation and the criteria for award of counsel fees that are then pertinent as set forth by court rule.
>
> [N.J.S.A. 2A:34-23.]

Relevant to this appeal, the alimony statute also provides:

8

> When a self-employed party seeks modification of alimony because of an involuntary reduction in income since the date of the order from which modification is sought, then that party's application for relief must include an analysis that sets forth the economic and non-economic benefits the party receives from the business, and which compares these economic and non-economic benefits to those that were in existence at the time of the entry of the order.
>
> [N.J.S.A. 2A:34-23(l).]

Here, the family judge never found that defendant established a prima facie showing of a change of circumstances concerning his income. Instead, the court gave defendant the benefit of the doubt and ordered a plenary hearing. Significantly, however, as a condition for that plenary hearing, the judge required defendant to pay a retainer for an expert. The expert was to assist the court in evaluating whether defendant had established the factors required by subsection (l) of N.J.S.A. 2A:34-23. In other words, defendant never made the showing required by subsection (l), so the family judge required him to fund an expert who could assist the court in making the necessary evaluation. Appointment of an expert is within the court's authority under Rule 5:3-3(c), and the court had the power to "direct who shall pay the cost" per Rule 5:3-3(i). When defendant failed to pay that expert and failed to advance counsel fees for plaintiff, the court dismissed the motion without prejudice.

9

We discern no reversible error in that ruling. Initially, we note that the ruling was without prejudice. As already pointed out, the court could have denied defendant's motion for failing to make a showing of a prima facie change of circumstances. See Lepis v. Lepis, 83 N.J. 139, 157 (1980) (requiring the party seeking to modify support obligations to show a change of circumstances). Thus, defendant's first argument fails because the court here did not hold him to an impermissibly high standard of establishing a prima facie showing. Instead, defendant failed to make the necessary showing required by N.J.S.A. 2A:34-23(l).

The court here also did not commit reversible error by drawing conclusions from plaintiff's statements. The May 4, 2017 order was an interim order that required certain actions to be followed by a plenary hearing. Read in context, the court's statements are not conclusions; rather, they were initial observations based on what was before the court at that time. The relevant point is that the court recognized that the disputing certifications warranted a plenary hearing. The court had the authority under the alimony statute and under Rules 5:3-5(c) and 5:3-3(i) to award an advance of attorney's fees and expert fees, subject to reallocation after or as part of the plenary hearing.

10

Finally, defendant argues that the court's analysis with regard to the $1000 attorney's fee award was incorrect because it was based on the court's preliminary analysis of defendant's income. Defendant also argues that the court failed to adhere to Rule 5:3-5(c) in making the award. We disagree. The family court based its determination on the disparity of the parties' assets, not their income, and specifically cited factors 1, 2, 3, 5, and 8 of Rule 5:3-5(c) ("(1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; . . . (5) any fees previously awarded; [and] (8) the degree to which fees were incurred to enforce existing orders or to compel discovery"). The court's award was based on adequate, substantial, and credible evidence. See Gnall, 222 N.J. at 428. Accordingly, we affirm.

Defendant's remaining arguments all lack sufficient merit to warrant further discussion in a written opinion. See R. 2:11-3(e)(1)(E). Since the Family Part had the authority to condition a plenary hearing on the advance of counsel fees and expert fees, all of defendant's other arguments fail to establish a basis for reversing the orders on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-4461-16T1